UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GIZACHEW WONDIE,<br><br>    Defendant. | No. CR 18-315 RAJ<br><br>ORDER DENYING MOTION TO MODIFY BOND |

    Defendant appeared before the undersigned Magistrate Judge for a detention hearing on December 11, 2018. After a lengthy hearing, Mr. Wondie was released on a very close case, but was subject to home confinement, restricted to his residence at all times except for religious services, medical legal, or as otherwise approved the location monitoring specialist." Dkt 11. Before the Court is defendant's motion to modify the bond, permitting Mr. Wondie to attend college courses at South Central Community College. Defendant argues it is important to modify the bond so that he can engage in prosocial behavior.

    The motion is opposed by the government. The defendant is charged with serious crimes of distribution and possession of a firearm in furtherance of a drug trafficking crime. The firearm seized was next to four loaded firearm magazines, including a 30-round extended capacity magazine. Moreover, the defendant had been associated with a firearm that was

ORDER
PAGE - 1

allegedly stolen from him, and used in a subsequent homicide. The Court was reluctant to release the defendant, but believed the risk of danger could be met by releasing the defendant only under very stringent conditions. The Court specifically rejected a request to release the defendant for work purposes.

18 U.S.C. § 3142(c)(3) provides that the "judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(f) authorizes the court to reopen a detention hearing

> before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Thus, the party moving to reopen must indicate (1) what the new information is, (2) the reason that it was not known to the movant at the time of the hearing, and (3) how the new information is material. J. Weinberg, *Federal Bail and Detention Handbook,* § 6.9 (PLI 2012). The judicial officer can either direct a response to the motion to reopen or can rule without a further response. *Id.*

Here, the proffered new evidence (education is prosocial) is neither new nor otherwise unavailable. The Court previously rejected a request to release the defendant to engage in work. No reasons are offered, and certainly none are readily apparent, as to why the defendant should not be released to go to work, but should be released to go to school. Moreover, and more importantly, even after considering the "new evidence," the evidence as a whole continues to strongly support the fact that there are no conditions of combination of conditions that will assure the safety of the community Accordingly, the defendant's motion to modify the bond previously set is DENIED.

ORDER
PAGE - 2

1   DATED this 3rd day of January, 2019.

_____
JAMES P. DONOHUE
United States Magistrate Judge