THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR18-315RAJ |
| Plaintiff, | MOTION TO EXCLUDE SGT. JAMES'S 18 U.S.C. § 924(c) EXPERT TESTIMONY |
| vs. | |
| GIZACHEW WONDIE, | *[Evidentiary Hearing and Oral Argument Requested]* |
| Defendant. | Noted for: December 27, 2019 |

## I.    INTRODUCTION

Gizachew Wondie, by and through counsel, respectfully moves the Court to exclude Sgt. James's testimony pursuant to *Daubert* and the Confrontation Clause of the Sixth Amendment to the Constitution.  If the Court intends to allow Sergeant James to testify as an expert, Mr. Wondie requests that the Court modify the expert testimony instruction the jury will receive to mitigate the confrontation problems presented by his testimony.

//
//
//
//
//

DEFENDANT'S MOTION
TO EXCLUDE TESTIMONY- 1
*(Gizachew Wondie*; CR18-315RAJ)

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

## II.   STATEMENT OF FACTS

On December 3, 2019, the government provided its notice of experts to include SPD Sgt. Brandon James[1]:

**Drug Trafficking Experience & Knowledge.**

Sgt. Brandon James, Seattle Police Department, or another experienced narcotics investigator, will testify regarding his/her training, experience, and specialized knowledge as a law enforcement officer investigating narcotics offenses, to include violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et seq., and related violations, in Western Washington and elsewhere. Such testimony will encompass the trafficking of drugs, namely, cocaine, amphetamines, oxycodone, alprazolam, MDMA, and marijuana, including the following: what the drugs are; how they are used; where they come from; how they are transported; user versus distribution quantities; the cost of drug quantities at various distribution levels and at different locations; what quantities these drugs are commonly sold in and what factors affect pricing; how various drugs are processed, cut, and packaged for re-distribution and what materials are used for processing, cutting, and packaging; common methods of distribution and sale, and what items are commonly used to facilitate drug trafficking, to include scales, baggies, other packaging materials, and weapons. The witness further will testify that drug trafficking is typically a cash business, how drug distributors often maintain, transport, and/or transmit large amounts of currency and drug proceeds in order to, among other things, maintain and finance their ongoing drug trafficking business.

Based on this cash business, drug traffickers also take steps, such as maintaining firearms and ammunition, to protect their currency and drugs. While they may maintain such weapons for protection from law enforcement, it is more commonly that they maintain them to protect their drugs and proceeds from other drug traffickers who may attempt to "rip" them. The witness also will testify as to his understanding of the operations of drug traffickers, to include the structure, hierarchy, and methods of operation used by drug trafficking organizations, and regarding tactics commonly used by drug traffickers to avoid detection, including frequently changing or "dropping" their phones to avoid detection; use of prepaid cell phones and/or multiple cell phones; concealing cash and drugs in hidden

---

[1] Ex. 1 (Letter from Assistant United States Attorney Tobias D. Tobler, dated December 3, 2019, "Rule 404(b), Expert Disclosures and Request for Disclosure of Evidence).

DEFENDANT'S MOTION
TO EXCLUDE TESTIMONY - 2
*(Gizachew Wondie*; CR18-315RAJ)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

locations; and the use of stash houses and/or vehicles to store, process, and re-package drugs. He will also offer his opinions of the cash and monetary value of the drugs discussed and seized in this investigation and whether the seized quantities of drugs are consistent with distribution, as opposed to personal consumption.

Sgt. James has been employed with the Seattle Police Department (SPD) since 1999. He began his career as a patrol officer in the East Precinct/Central District area of Seattle, and worked multiple assignments including as a bicycle officer and a school resource officer. He also served a stint as an Anti-Crime Team (ACT) officer, which included plainclothes narcotics enforcement. Sgt. James was then promoted to detective and served as an undercover officer in the SPD narcotics unit, serving in that role for approximately seven years. During that time period, he was cross designated as a Task Force Officer (TFO) with the DEA. Sgt. James was then transferred to the Criminal Intelligence Section where he served (again as a detective) for approximately five years. He is cross-designated as a TFO with the FBI's Safe Streets Task Force, and has occupied that role since 2008. As an FBI TFO, Sgt. James worked a significant number of federal narcotics investigations and has served as the "case agent" for multiple drug-related Title III wiretaps.

Sgt. James attended the Seattle Police Department and Washington State Criminal Justice Commission's undercover schools, and has additional training as an undercover from the FBI. He has served as one of the prior instructors at an undercover course, which instructs local, state and federal investigators on undercover techniques, the use of informants, narcotic identification and trafficking trends, and narcotics packaging concealment. He has also taught courses to law enforcement on what is involved in converting powder cocaine into crack cocaine. He is an FBI certified undercover operative and has acted as an instructor/trainer for undercover courses sponsored by the FBI, including in foreign countries. He has extensive experience as an undercover operative, primarily in the narcotics area. Sgt. James now serves as a supervisor for one of SPD's ACTs, which conducts a significant number of narcotics investigations. Sgt. James has testified in the Western District of Washington on four prior occasions: in United States v. Marin-Torres, CR09-262 RSL; in United States v. Tran, CR15-120 JCC; in United States v. Stocker, CR17-5116 BHS, and in United States v. Rushing, CR18-016 TSZ. The government will produce to you final transcripts of Sgt. James's testimony from the first two matters. The government is not in possession of final transcripts from

DEFENDANT'S MOTION
TO EXCLUDE TESTIMONY- 3
*(Gizachew Wondie*; CR18-315RAJ)

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

the other two cases because Stocker resulted in an acquittal, and transcripts in Rushing are not yet prepared.

Although not indicated in the disclosure, Sgt. James's opinion is substantially derived from his conversations with informants, cooperators, individuals arrested in criminal cases, his review of police reports from criminal cases, and his conversations with other law enforcement officers who have derived their opinion from these same sources.

### III.   SGT. JAMES'S TESTIMONY SHOULD BE EXCLUDED

#### A.  Sgt. James' proposed testimony fails to satisfy the test for admissibility of expert testimony.

Sgt. James's testimony fails to satisfy the test for admissibility of expert testimony established by the Supreme Court in *Daubert v. Merrell Dow Pharm., Ind.,* 509 U.S. 579 (1993).  *See also United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995) (testimony by officer about nexus between drug trafficking and possession of weapons not expert opinion testimony but lay opinion testimony); *United States v. Hankey,* 203 F.3d 1160 (9th Cir. 2000).  In *Hankey*, the Ninth Circuit engaged in an extensive analysis of the problems in receiving this type of testimony and the diligence with which courts must assess relevance and reliability.  *Id* at. 1160.  The district court in *Hankey* conducted a thorough motion *in limine* hearing outside the presence of the jury after which it refused admission of some of the proffered testimony.  *Id.*  The court also gave a limiting instruction as to the testimony it ultimately admitted.  *Id.*

The Ninth Circuit in *Hankey* approved the use of police officer expert testimony: 1) after motion *in limine* consideration; 2) on limited issues (where the evidence did not go towards proof of an element of the offense); 3) with full disclosure of the basis of the opinion; 4) with limiting instructions; 5) where there were extensive findings on relevance and reliability and the evidence was not unduly prejudicial. *Id.*  The Court should do the same here.

DEFENDANT'S MOTION TO EXCLUDE TESTIMONY- 4
*(Gizachew Wondie*; CR18-315RAJ)

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

## B. Sgt. James' testimony violates the Confrontation Clause

As described above, much of Sgt. James's experience and specialized knowledge about the illegal use and trafficking of narcotics in this case is not derived from verifiable sources, such as textbooks or research, or peer-reviewed studies, but from an *ad hoc* accumulation of police and lay sources, including but not limited to informants, suspects, and convicts. The defense cannot confront these individuals at Mr. Wondie's trial.

The Sixth Amendment's Confrontation Clause, however, guarantees Mr. Wondie the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court held in *Crawford v. Washington* that the Confrontation Clause prohibits the prosecution from introducing out-of-court "testimonial" statements without putting the declarants on the stand. 541 U.S. 36, 50-51 (2004). Sgt. James's testimony relies substantially on multiple levels of hearsay and statements made by confidential informants.

In *Crawford,* the Court held that "[t]estimonial statements of witnesses absent from trial [are admissible] only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." 541 U.S. 36, 50-51 (2004). The Court also stated that "[s]tatements taken by police officers in the course of interrogations are ... testimonial…." 541 U.S. at 52. Similarly, in *Davis v. Washington*, the Court found statements that are "[t]he product of [police] interrogation, whether reduced to writing ... or embedded in the memory (and perhaps notes) of the interrogating officer, [are] testimonial." 547 U.S. 813, 822 (2006). *Hammon v. Indiana*, a companion case to *Davis*, similarly held that an informal statement obtained for the purposes of accusing an individual in criminal

DEFENDANT'S MOTION
TO EXCLUDE TESTIMONY- 5
*(Gizachew Wondie*; CR18-315RAJ)

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

proceedings violated the clause. *Hammon v. Indiana,* 547 U.S. 813, 819-822. (2006). *Crawford*, *Davis,* and *Hammon* addressed non-expert testimony.[2]

The Supreme Court then issued three opinions on how *Crawford* relates to expert testimony. In *Melendez-Diaz v. Massachusetts*, the Court held that forensic reports that certify incriminating test results are testimonial; the person who certified the report must testify for the report to be admissible. 557 U.S. 305, 310-311 (2009). Then, in *Bullcoming v. New Mexico*, the Court made clear that when the prosecution wishes to introduce a certified forensic report as required under *Melendez-Diaz*, it does not suffice to call a supervisor or other "surrogate" witness to the stand in place of the actual author of the report. 131 S. Ct. 2705, 2715-2717 (2011). What the *Bullcoming* decision did not resolve was the issue of whether the government can introduce the analyst's forensic report or transmit the content of the report through an expert witness.

In *Williams v. Illinois*, the Court granted certiorari to answer that question, electing to review the Illinois Supreme Court's holding that the prosecution may introduce testimonial statements in forensic reports through expert witnesses, because statements introduced to show the basis for an expert opinion are not introduced for the truth of the matter asserted. 132 S. Ct. 2221, 2231-2232 (2012).

Justice Alito, writing on behalf of four justices, stated "in appropriate cases, [the Federal Rules of Evidence] permit[s] an expert to explain the facts on which his or her opinion is based without testifying to the truth of those facts." *Williams* at 2228. Justice Alito concluded that "this form of expert testimony does not violate the Confrontation Clause" for two reasons. *Id.* One, "that provision has no application to out-of-court statements that are not offered to prove the truth of the

---

[2] An additional case did exempt informal statements from the clause when taken "under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Michigan v. Bryant,* 131 S.Ct. 1143 (2011). The government has made no showing that this is the case here.

DEFENDANT'S MOTION
TO EXCLUDE TESTIMONY- 6
*(Gizachew Wondie*; CR18-315RAJ)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

matter asserted." *Id.* Two, DNA expert testimony "is very different from the sort of extrajudicial statements, such as affidavits, depositions, prior testimony, and confessions" historically excluded under the clause. *Id.* Justice Alito's opinion accepted the Illinois Court's reasoning that the clause was not violated because the DNA report relied on by the DNA expert "was not offered for the truth of the matter asserted; rather, it was offered to provide a basis for" the expert's opinion. *Id.* at 2231-32. This accepted reasoning included the trial court's reasoning as to why the clause was not violated: "the issue is…what weight do you give the test, not do you exclude it." *Id.*

Justice Breyer joined Justice Alito's opinion. *Id.* 2244-55. He reasoned that in *Williams* the "need for cross-examination is considerably diminished when the out-of-court statement [relied on by the expert] was made by an accredited laboratory employee…in the ordinary course of professional work." *Id.* at 2249. He further reasoned that, because laboratory testing takes place behind a veil of ignorance, the "prospect of fabrication [which] requires statements to be subject to the crucible of cross-examination" was not present. *Id.* at 2250 (internal citations and quotations omitted). Justice Breyer reasoned that the clause was not violated because "the statement at issue [did not have] the primary purpose of accusing a targeted individual." *Id.* at 2251. Finally, Justice Breyer held "the defendant would remain free to show the absence or inadequacy of the alternative reliability/honesty safeguards, thereby rebutting the presumption and making the Confrontation Clause applicable." *Id.* at 2252.

Five justices rejected the Illinois Court's reasoning, namely Justice Thomas and the four dissenters. *Id.* at 2255-2277. Under Supreme Court precedent, because Justice Thomas rejected the plurality's reasoning in its totality, it is his opinion (the narrowest in terms of assessing whether expert reports are testimonial) that will control future cases involving expert testimony. *See Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a

DEFENDANT'S MOTION
TO EXCLUDE TESTIMONY- 7
*(Gizachew Wondie*; CR18-315RAJ)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]")

Justice Thomas rejected the "weight vs. exclusion" rationale that allows experts to testify under F.R.E.703. *Id.* at 2228-2232. He held that the rules of evidence should not "trump a defendant's confrontation right." *Id.* at 2256. Citing, to *Bruton*[3], he stated "limiting instructions may be insufficient to protect against violations of the Confrontation Clause." *Id.* at 2256 (internal citations and quotations omitted).

Justice Thomas explained that "[t]here is no meaningful distinction between disclosing an out-of-court statement so that a fact finder may evaluate the expert's opinion and disclosing that statement for its truth." 132 S. Ct. at 2256-57. He cautioned that the "plurality's contrary conclusion may seem of little consequence to those who view DNA testing and other forms of 'hard science' as intrinsically reliable" but the opinion "will reach *beyond scientific evidence to ordinary out-of-court statements." Id.* at 2259 (emphasis added).

However, he concluded that the DNA report did not violate the clause because it was not testimonial as that term is defined under Court precedent. *Id.* 2260. Justices Kagan, Scalia, Ginsburg, and Sotomayor disagreed with Justice Thomas on that point. *Id.* at 2264-77. Justice Thomas provided the definition of testimonial statements historically recognized by the Court, i.e., "formalized testimonial material such as depositions, affidavits, and prior testimony, or statements resulting from formalized dialogue." *Id.* (internal quotations omitted.) The definition includes "the use of technically informal statements when used to evade the formalized process." *Id.,* fn. 5.

---

[3] *Bruton* involved admission of a criminal defendant's statement in another co-defendants trial and the Court there held that limiting instructions would not cure the Confrontation Clause problem. *Bruton v. United States,* 391 U.S. 123, 135-36 (1968).

DEFENDANT'S MOTION
TO EXCLUDE TESTIMONY- 8
*(Gizachew Wondie*; CR18-315RAJ)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Justice Thomas's controlling opinion and conclusion is the most important aspect of *Williams*, because before *Williams* some courts held that the prosecution could introduce testimonial statements not only through forensic experts, but also gang experts. Now, an officer's expert testimony violates *Crawford* "if [the expert] communicated out-of-court testimonial statements of cooperating witnesses and confidential informants directly to the jury in the guise of an expert opinion." *United States v. Mejia,* 545 F.3d 179, 198 (2d Cir. 2008); *see also United States v. Vera,* 770 F.3d 1232, 1237 (9th Cir. 2014).

In *Vera,* the Ninth Circuit held that a police officer's testimony did not violate the Confrontation Clause because the percipient and expert opinion of the police officer "was not merely repackaged testimonial hearsay but was an original product that could have been tested through cross-examination." *Id.* at 1239. Another case decided by the Ninth Circuit supports the proposition that the Confrontation Clause applies to police expert testimony. *United States v. Cavares,* 788 F.3d 956, 976-977 (9th Cir. 2015). However, in *Cavares*, because the "record was deficient" in determining whether the police expert was violating the clause, the Court did not find error. *Id.*

Here, Sgt. James's testimony violates the Confrontation Clause because there is no meaningful distinction between introducing the out-of-court statements he relies upon and his testimony. The statements he has relied upon cannot be submitted for their veracity. There is no meaningful distinction between introducing those statements of confidential sources, criminals and other police officers as those of an expert and simply repeating them as the Sgt.'s own opinion. Simply put, the Government should not be allowed to import unreliable hearsay, with no opportunity for Mr. Wondie to confront the sources of that information, under the guise of expert opinion.

//

//

DEFENDANT'S MOTION
TO EXCLUDE TESTIMONY- 9
*(Gizachew Wondie*; CR18-315RAJ)

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

### C. If the Court permits this testimony, it should modify the Jury Instruction to mitigate the Confrontation problem

If the Court rejects Mr. Wondie's Confrontation Clause challenge, the Court should modify the expert witness jury instruction. It is true that the jury will evaluate Sgt. James's credibility as a police officer but they will not be able to evaluate the informants, criminals, corrupt or biased police officers or convicts that he has relied on in providing his testimony. Nor will the jury be able to evaluate Sgt. James' expert opinion on those individuals' statements, in their absence.

If the jury believes what Sgt. James states is true, it will also believe that Sgt. James's reliance on so called informants, snitches, criminals, and convicts is justified. Thus, the only way to mitigate the confrontation problem is to modify the expert jury instruction for Sgt. James.

Without waiving his Confrontation Clause objection, Mr. Wondie proposes the following using language from an instruction from the Fifth Circuit:

> You have heard testimony from Sgt. James who testified to opinions and the reasons for his opinions. This opinion testimony is allowed because of the education or experience of these witnesses.
>
> Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.
>
> **You have also heard that this opinion testimony was based in part on information given to the witness by people who have acted as informants for law enforcement. In evaluating the opinion testimony, you should consider the reliability of the information that he considered in forming his opinion. Opinions based on information provided by others has no more credibility than the information on which it is based. In particular, when evaluating opinion evidence based on information provided by informants, you should consider that information with greater care and caution than information provided by ordinary people. You must decide whether the informants**

DEFENDANT'S MOTION
TO EXCLUDE TESTIMONY- 10
*(Gizachew Wondie*; CR18-315RAJ)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

**providing information to the opinion witness have been affected by the benefits the informants have received as a result of their cooperation with law enforcements. Individuals who have been promised immunity from prosecution, or who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.**

Model Ninth Circuit Criminal Instruction 4.14(2010) (modified—additions in bold. Next to last sentence taken mainly from Fifth Circuit 1.14, last sentence taken from 11th S1.1]).

### IV. CONCLUSION

The Court should exclude Sgt. James's testimony because it violates the Confrontation Clause. If the Court declines to exclude his testimony, it should provide a modified jury instruction to mitigate the confrontation problem.

Dated this 19th day of December, 2019.

Respectfully submitted,

s/ *Mohammad Ali Hamoudi*
s/ *Sara Brin*
Assistant Federal Public Defenders
Attorneys for Gizachew Wondie

DEFENDANT'S MOTION TO EXCLUDE TESTIMONY- 11
*(Gizachew Wondie*; CR18-315RAJ)

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100