THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR18-315RAJ |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MOTION TO |
| | ) | EXCLUDE UNDER THE FEDERAL |
| v. | ) | RULES OF EVIDENCE |
| | ) | |
| GIZACHEW WONDIE, | ) | *[Evidentiary Hearing and Oral Argument* |
| | ) | *Requested]* |
| Defendant. | ) | Noted for: December 27, 2019 |
| | ) | |

## I.      INTRODUCTION

Gizachew Wondie, by and through counsel, respectfully moves the Court to exclude the government's purported "404(b)" evidence under the Federal Rules of Evidence.

## II.     FACTS

The government has provided the defense with a notice labeled "Rule 404(b)." Ex. 1 (Letter from Assistant United States Attorney Tobias D. Tobler, dated December 3, 2019, "Rule 404(b), Expert Disclosures and Request for Disclosure of Evidence"). The notice states "[a]t the time of his arrest on December 6, 2018, the defendant provided a post-Miranda statement to law enforcement in which he discussed at length his history of drug dealing and his possession of firearms in connection with that drug dealing—conduct that continued up and until the time of the defendant's arrest." *Id.*[1]

---

[1] Mr. Wondie has filed a separate motion to suppress his statements. Should the Court grant that motion, the instant motion may not require pre-trial ruling.

DEFENDANT'S MOTION TO EXCLUDE
UNDER THE FEDERAL RULES OF EVIDENCE
(*Gizachew Wondie*; CR18-315RAJ) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

The government adds that these statements are being offered as "admissions against the defendant as direct evidence of, among other things, the defendant's access to and intent to distribute the drugs charged in the indictment, and the defendant's purpose for obtaining and possessing the firearm charged in the indictment." *Id.* The government also notes, "[Mr. Wondie's] statements are 'inextricably intertwined' with and 'intrinsic to' the charged offenses[…]. *Id.* Ultimately, the government argues that Mr. Wondie's statements are admissible under Rule 404(b) to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*

The government's argument is threefold:

> [E]vidence that the defendant knowingly distributed drugs prior to December 6, 2018, and obtained and possessed firearms as a means of protecting himself and/or his drug business, are admissible under Rule 404(b).

*Id.*

> [T]he government expects the defendant to argue at trial that he intended to consume, as oppose to distribute, some or all of these drugs, or that the drugs were not his, and/or were unknown to him. Under these circumstances, evidence of the defendant's prior distribution of narcotics is clearly admissible to prove that the defendant knew of and intended to distribute the drugs as charged in the indictment.

*Id.*

> Likewise, evidence a defendant previously possessed a firearm in connection with his drug distribution activities is admissible under Rule 404(b) to prove his state of mind and knowledge with respect to firearms charged in the immediate 924(c) offense.

*Id.*

When Mr. Wondie was arrested he did not have a firearm on his person or inside his vehicle. At the time of his arrest, Mr. Wondie had an active permit that allowed him to lawfully possess a firearm.

DEFENDANT'S MOTION TO EXCLUDE
UNDER THE FEDERAL RULES OF EVIDENCE
(*Gizachew Wondie*; CR18-315RAJ) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

## III.    MOTION TO EXCLUDE EVIDENCE

### A. The Government's Notice is Not Specific Enough to Provide Reasonable Notice

Under Federal Rules of Evidence 404(b)(2)(A), the government is obligated to "…provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial…"  The government alleges that Mr. Wondie discussed "at length his history of drug dealing and his possession of firearms in connection with that drug dealing—conduct that continued up and until the time of the defendant's arrest." Ex. 1 at 1. The government's notice fails to provide sufficient specificity.

Following his arrest, numerous law enforcement officers interviewed Mr. Wondie over a period of several hours.  He provided officers with a great deal of information.  The government's notice has failed to provide which portions of Mr. Wondie's statements it intends to extract from those interviews.  Specificity is important to establish whether the statements the government wants to use are actually inextricably intertwined with the charges laid out in the indictment.  As noted, Mr. Wondie was not in possession of the firearm described in the indictment, the firearm was not in his vehicle, and he was lawfully permitted to possess firearms at the time of his arrest.

The Ninth Circuit has established a four-part test for the application of Rule 404(b) to ensure that evidence of misconduct is not admitted improperly.  Under this test, evidence of other misconduct may only be admitted only if: (1) the evidence tends to prove a material fact at issue in the instant case; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) in cases where knowledge and intent are at issue, the prior act is similar to the offense charged.  *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) (citing *Garcia-Orozco*, 997 F.2d at 1304).  Applying that four-part test, the *Mayans* Court stated:

DEFENDANT'S MOTION TO EXCLUDE
UNDER THE FEDERAL RULES OF EVIDENCE
(*Gizachew Wondie*; CR18-315RAJ) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

> [E]xtrinsic acts evidence is not looked upon with favor. We have stated that our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrong doing.

*Mayans*, 17 F.3d at 1181, quoting *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993).

Neither Mr. Wondie nor this Court have sufficient information to conduct the necessary analysis to see whether the *Mayans* requirements have been met. First, Mr. Wondie is charged with being in possession of a firearm in furtherance of a drug trafficking crime—all on or about December 6, 2018. The charge is based solely upon a Ruger 9mm pistol found at Mr. Wondie's residence in a drawer.

Second, while defense counsel cannot be sure, it is anticipated that the government will attempt to admit statements made by Mr. Wondie about an event in which he was robbed in West Seattle more than a year before the search warrant was issued in this case. Although counsel cannot be sure that this is the portion of the statement they wish to introduce, it is far too remote and unrelated an event to satisfy the requirements set forth in *Mayans*.

Third, the statement itself was made under questionable circumstances—Mr. Wondie was desperate to disprove any suggestion that he was involved in a murder plot and was trying to appear accommodating in an attempt to appease the interrogating officers. Depending upon the eliciting question, Mr. Wondie's own statements may not be reliable.

Finally, because the government has not provided specific notice as to the prior act, it is impossible to conduct an analysis to determine whether that act shares a similarity to the current case. The current case involves a firearm, in a box, inside a drawer in an apartment. The government cannot meet the final prong of *Mayan*.

**B. Limiting instruction**

DEFENDANT'S MOTION TO EXCLUDE
UNDER THE FEDERAL RULES OF EVIDENCE
(*Gizachew Wondie*; CR18-315RAJ) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

In the event the government is able to provide some specificity and the Court admits the evidence under 404(b), Mr. Wondie asks the Court to provide a limiting instruction on the evidence.  The Ninth Circuit has recently modified limiting instructions on 404(b) evidence.  Ninth Circuit Model Instruction 2.11 (OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT).  The instruction is written in the disjunctive but with brackets:

> You are about to hear testimony that Mr. Wondie is involved in another crime not charged here. This evidence of other acts will be admitted only for a limited purpose. You may consider this evidence only for the purpose of deciding whether the defendant: [had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;] or [had a motive or the opportunity to commit the acts charged in the indictment;] or [was preparing or planning to commit the acts charged in the indictment;] or [acted with a method of operation as evidenced by a unique pattern [describe pattern];] or [did not commit the acts for which the defendant is on trial by accident or mistake;] or [describe other purpose for which other act evidence was admitted.]
> Ninth Circuit Model Jury Instruction 2.10 (approved 3/2018) (renumbered 2019).

The instruction has additional language cautioning the jury not to consider the evidence for other purposes.  *Id.*  Brackets are included because the Ninth Circuit wanted the 404(b) purpose carefully selected and clearly articulated to the jury.  For this reason, if the Court is inclined to admit the statements, Mr. Wondie asks that it order the government to designate the portions of Mr. Wondie's statement they intend to admit and specify why they intend to admit each section. Defense counsel needs this information to ensure that objections and the record are properly preserved.

//

//

## C.  Conclusion

The defense requests that the Court exclude statements made by Mr. Wondie for the reasons set forth in this motion. If the Court declines to exclude the statement, Mr.

DEFENDANT'S MOTION TO EXCLUDE
UNDER THE FEDERAL RULES OF EVIDENCE
(*Gizachew Wondie*; CR18-315RAJ) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Wondie asks that the Court order the government to specifically delineate the portions of Mr. Wondie's statement they intend to admit and for which evidentiary purpose.

DATED this 19th day of December, 2019.

Respectfully submitted,


s/ *Mohammad Ali Hamoudi*
s/ *Sara Brin*
Assistant Federal Public Defenders
Attorneys for Gizachew Wondie
Office of the Federal Public Defender

DEFENDANT'S MOTION TO EXCLUDE
UNDER THE FEDERAL RULES OF EVIDENCE
(*Gizachew Wondie*; CR18-315RAJ) - 6

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I certify that on December 19, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

s/ *Charlotte Ponikvar*
Paralegal
Office of the Federal Public Defender

DEFENDANT'S MOTION TO EXCLUDE
UNDER THE FEDERAL RULES OF EVIDENCE
(*Gizachew Wondie*; CR18-315RAJ) - 7

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**