The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GIZACHEW WONDIE,<br><br>Defendant. | NO. CR18-315 RAJ<br><br>ORDER ON DEFENDANT'S MOTION TO EXCLUDE SGT. BRANDON JAMES' EXPERT TESTIMONY |

## I.     INTRODUCTION

THIS MATTER has come before the Court upon Defendant Gizachew Wondie's Motion to Exclude Sgt. Brandon James's 18 U.S.C. § 924 (c) Expert Testimony.  Dkt. 42. Having considered the motion, the government's response (Dkt. 65), the defendant's reply (Dkt.  82), and the files and pleadings herein, the Court finds that oral argument is unnecessary.  For the reasons below, the Court **DENIES** the motion.

## II.     BACKGROUND

The defendant is charged by Superseding Indictment with Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) in Counts 1 and 2, and with Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) in Count 3.  Dkt. 45.

ORDER - 1
*United States v. Wondie*, CR18-315 RAJ

On December 3, 2019, the government gave notice to the defendant that it intended to call Seattle Police Department Sergeant Brandon James as an expert to help the jury understand the *modus operandi* of drug traffickers, as well as the connection between drug trafficking and firearms. Dkt. 65, Ex. A.

The defendant has moved to exclude the testimony of Sgt. James pursuant to *Daubert v. Merrell Dow Pharm.,* 509 U.S. 579 (1993) and the Confrontation Clause of the Sixth Amendment to the Constitution. In the alternative, the defendant requests the Court to modify the expert testimony instruction to mitigate the confrontation problems he contends are presented by Sgt. James's testimony.

### III.    DISCUSSION

In the government's pretrial disclosure, Sgt. James is disclosed as an expert witness and the government provided a detailed statement of his anticipated testimony, along with a summary of his knowledge and experience regarding drug trafficking. At the heart of his motion, the defendant contends Sgt. James's testimony fails to satisfy the test for admissibility because testimony about nexus between drug trafficking and possession of weapons is not expert testimony but lay testimony. He also contends that the proposed testimony is not relevant nor is it reliable. Dkt. 42. at 4. In addition, the defendant argues that admission of Sgt. James's testimony would violate the Confrontation Clause because his testimony relies substantially upon multiple levels of hearsay and includes statements made by confidential informants, none of whom will be available for cross-examination. In support of this argument, the defendant relies heavily upon his analysis of opinions derived from *Crawford v. Washington.*

To counter, the government first relies upon Federal Rule of Evidence 702, contending that an expert may testify "in the form of an opinion or otherwise" if his "specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue."

ORDER - 2
*United States v. Wondie*, CR18-315 RAJ

The government challenges the defendant's *Crawford* analysis and notes that decision should not be read as broadly as presented by the defendant. It notes that the proffered testimony will remain within the bounds of allowable testimony and not be tendered with Sgt. James essentially serving as a mouthpiece for hearsay evidence.

The Court agrees with the government's analysis on both issues.

The two seminal cases on the admissibility of expert testimony are *Daubert, Id.,* and *Kumho Tire v. Carmichael,* 526 U.S. 137 (1999). It is undisputed that this Court must determine the relevance and reliability of expert testimony before it is admitted.

The government has tendered Sgt. James as an expert to testify on a variety of drug-related topics including trafficking, transportation, user versus distribution quantities, common methods of distribution, what items are commonly used to facilitate drug trafficking and the interconnection between drug trafficking and firearms. Dkt. 65-1.

The government's summary of Sgt. James's testimony reflects his experience in detail. This training and experience dates to 1999. His experience in narcotics investigations is extensive and includes, among other aspects, plainclothes narcotics enforcement, undercover work in the narcotics unit (seven years), cross-designation as a Task Force Officer (TFO) with the DEA, TFO with the FBI conducting investigations and serving as the "case agent" for multiple drug-related Title III wiretaps, serving in the SPD Criminal Intelligence Section as a detective for approximately five years, currently as a supervisor for one of the SPD's Anti-Crime Teams which conducts a significant number of narcotics investigations. Dkt. 65-1.

Sgt. James's experience is backed by his educational and training opportunities with the Seattle Police Department, the Washington State Criminal Justice Commission and the FBI. He has also served as an instructor for local, state and federal investigators on undercover techniques, the use of informants, narcotic identification and trafficking trends, and narcotics packaging concealment. His teaching includes undercover courses sponsored by the FBI, including foreign countries. Dkt. 65-1.

ORDER - 3
*United States v. Wondie*, CR18-315 RAJ

This case includes allegations that the defendant was involved in the distribution of illegal drugs while armed with a firearm. Sgt. James's proffered testimony is relevant as it will help the jury understand the *modus operandi* of drug dealers in an area concerning activities which are not something with which most jurors are familiar. These factors clearly meet the relevance standard of *Kumho, Id.*

The government has further represented that Sgt. James has four times been certified as an expert and permitted to provide expert testimony in the Western District of Washington, each time on the same topic at issue here.

The combined aspects of Sgt. James's background, training and experience clearly meet the ER 702 requirements and qualify him to testify as an expert based upon his knowledge, skill, experience, training and education.

For these reasons, there is no need to conduct a *Daubert* hearing prior to qualifying Sgt. James as an expert and allowing him to testify at trial.

The Court next turns to the defendant's Sixth Amendment argument. The essence of this argument is that Sgt. James's testimony violates the defendant's confrontation rights because his expert opinion is based upon information from unreliable informants.

While *Crawford* forbids the introduction of testimonial hearsay as evidence itself, "[t]he fact that [the witness's] expertise was in some way shaped by their exposure to testimonial hearsay does not mean that the Confrontation Clause was violated when they presented their independent assessments to the jury." *United States v. Johnson*, 587 F. 3rd 625, (4th Cir. 2009); *United States v. Gomez*, 725 F.3rd 1121 (9th Cir. 2013).

This Court affirmatively rules that Sgt. James will not be permitted to testify as a conduit or transmitter for testimonial hearsay, as that type of testimony is clearly barred by the various authorities cited by the parties. However, Sgt. James will be permitted to rely upon out-of-court statements in forming his opinions if he in fact applied his expertise to those statements, rather than merely repeating hearsay testimony. Likewise, the Court will not permit the government to elicit a statement made by any informant or anyone else for the truth of the statement or to explain Sgt. James's opinions. Sgt. James

will be permitted to outline his background, training, experience and general sources for his expertise when rendering his expert opinion

For these reasons, the protections afforded by *Crawford* remain intact and will not be violated in the examination of Sgt. James.

Last, the defendant requests that the Court give the jury a modified Model Ninth Circuit Criminal Instruction 4.14 (2010) expert witness jury instruction. The essence of the modification is that the jury should discount Sgt. James's opinion because it is based on statements from "so-called informants, snitches, criminals, and convicts." Dkt. 42, at 10.

The Court declines the defendant's invitation to modify the Model Ninth Circuit Instruction. The defendant advances no persuasive authority that this modified instruction has been given or should be given within the parameters and anticipated scope of permissible testimony by Sgt. James as an expert witness. Moreover, the Court will not permit the government to offer or elicit statements of any out-of-court declarant, whether the statement is testimonial or not. Consequently, the jury will not need to evaluate any out-of-court statements by informants, snitches, criminals or convicts.

## IV.  CONCLUSION

For these reasons, the defendant's Motion to Exclude Sgt. James's Expert Testimony (Dkt. 42) is **DENIED**. Defendant's request to modify the expert testimony instruction is **DENIED.**

DATED this 15th day of April, 2021.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER - 5
*United States v. Wondie*, CR18-315 RAJ