The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GIZACHEW WONDIE, <br><br> Defendant. | NO. CR18-315 RAJ <br><br> ORDER ON GOVERNMENT'S MOTION IN LIMINE REGARDING DEFENDANT'S PRIOR CONVICTION |

THIS MATTER has come before the Court upon the government's Motion in Limine Regarding Evidence of Defendant's Prior Conviction. Dkt. 53. Having considered the motion, the defendant's response (Dkt 66), and the files and pleadings herein, the Court finds oral argument unnecessary. For the reasons below, the Court **DENIES** the motion.

According to the government, the defendant was previously convicted on or about November 11, 2008, in Idaho's First District Court, of providing false information to an officer in violation of Idaho Code § 18-5413. A person violating this statute is guilty of a misdemeanor. The government seeks admission of this evidence pursuant to Fed. R. Evid. 609(a)(A)(2). The government seeks admission of this conviction should the defendant elect to testify at trial on grounds that this conviction involved "a dishonest act or false statement."

ORDER - 1
*United States v. Wondie*, CR18-315 RAJ

The government's first hurdle to admissibility of this offense is that it is a 12-year-old misdemeanor. Admission of crimes after 10 years comes with limitations the government has not overcome with compelling evidence. Fed. R. Evid. 609(b)(1) limits admissibility to convictions where the probative value of the evidence is "supported by specific facts and circumstances."

The Court agrees with the defendant that the government has not supported their request for admission with *any* specific facts or circumstances other than bare assertions and conclusory statements. This is insufficient to meet the requirements of the rule.

The government has also failed to provide convincing evidence that a 12-year-old offense resolved by payment of a fine and court costs would be probative of the defendant's capacity for telling the truth. Under the limited statements of facts asserted by the government, the Court finds that the probative value of this conviction is remarkably low and certainly does not substantially outweigh the danger of its prejudicial effect if allowed at trial.

For these reasons the government's Motion in Limine Regarding Defendant's Prior Conviction is **DENIED.**

DATED this 15th day of April, 2021.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 2
*United States v. Wondie*, CR18-315 RAJ