The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GIZACHEW WONDIE,<br><br>Defendant. | NO. CR18-315 RAJ<br><br>ORDER ON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE |

## I.   INTRODUCTION

THIS MATTER has come before the Court upon Defendant Gizachew Wondie's Motion to Suppress Evidence.  Dkt. 49.  Having considered the motion, the government's response (Dkt. 70), defendant's reply (Dkt. 83), defendant's supplemental authority (Dkt. 204), and the files and pleading herein, the Court finds oral argument unnecessary.  For the reasons below, the Court **DENIES** the motion.

## II.   BACKGROUND

The facts in this matter are straightforward and generally undisputed. An evidentiary hearing is not required under these circumstances.  *United States v. Howell,* 231 F.3d 615, 620 (9th Cir. 2000).

On April 7, 2017 Seattle Police Department officers responded to a weapon call in the Capitol Hill area of Seattle.  The complaint was based upon claims made by two women in their office who represented they saw a "black male" inside of a parked car in

ORDER - 1
*United States v. Wondie*, CR18-315 RAJ

a parking lot displaying a firearm. When the police arrived, the women identified the defendant as the individual they observed. When the vehicle attempted to leave the parking lot, the police stopped it. The defendant was identified as the driver of the car, along with a passenger. After advising the defendant of his *Miranda* rights, the officers asked him about the weapon. He admitted that he had a firearm between the console and the driver's seat of his car. He then provided oral and written consent for the officers to search that area of the car for the gun. The officers conducted the search and recovered the gun.

The defendant was arrested and charged by complaint on April 8, 2017 with violations of Seattle Municipal Code Sections 12A.14.075 (displaying a firearm to intimidate) and 12A.14.140(A)(2) (unlawful possession without a license). On July 5, 2017 both charges were dismissed with prejudice when the witnesses failed to appear.

Between April 7, 2017, when the firearm was seized as evidence, and July 17, 2017, when it was returned to the defendant, the firearm was in the custody of the Seattle Police Department. During that time, it was test fired. The defendant did not consent to the test-firing and no warrant was obtained prior to the test-fire. A shell casing from the test-fire was retained and later analyzed by the Integrated Ballistic Information System (IBIS). The results of the test were entered into the National Integrated Ballistic Integration Network (NIBIN) which is maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Months later, shell casings from a homicide and a separate shots-fired incident in Seattle were recovered and entered into NIBIN. The casings from those two incidents were matched to the casing from the test-fire of the defendant's gun. That match formed the basis of an application for a search warrant for the defendant, his car and his apartments, which resulted in the recovery of evidence for which the defendant is charged in the instant matter.

### III. DISCUSSION

The defendant seeks suppression of the information/evidence secured from the Seattle Police Department's test-firing of his gun in 2017 and all fruits of the claimed

ORDER - 2
*United States v. Wondie*, CR18-315 RAJ

illegal search of the firearm. The defendant contends the test-fire was an unlawful search without a warrant in violation of the Fourth Amendment. Specifically, he asserts that the firearm was seized only as it related to the two misdemeanor offenses, and the search was unrelated to the misdemeanor crimes charged. Since no warrant was obtained to conduct the test-fire, the defendant argues the search was not supported by probable cause or an exception to the warrant requirement, no exigent circumstances were present and the defendant had not consented to the search, thereby making the test-fire illegal.

Anticipating the government's argument, the defendant challenges the government's reliance upon the justification of the search as a routine administrative procedure conducted by the SPD, citing *Maryland v. King*, 569 U.S. 435 (2013). The defendant asserts that the government cannot justify its search because once the misdemeanor charges against the defendant were dismissed they were obligated to secure a new warrant to search his home and car without reliance upon the test-fire results which had been secured without a warrant.

The defendant cites *United States. v. Dixon,* 984 F.3d 814 (9th Cir. 2020) to challenge the government's reliance solely upon a "reasonable expectation of privacy" test of whether an unlawful search had occurred and ignores the simple trespass theory advanced in their motion.

The defendant's motion cites cases and precedent where the facts involved either a home or a vehicle. *Florida v. Jardines,* 569 U.S. 1 (2013) involved the invasion of the curtilage around a home to gather information without a warrant; *U.S. v. Jones* involved the search of a vehicle, as did *Dixon, id.,* where the police inserted a key into a minivan's lock.

The defendant's analysis ignores the distinction of the peculiar fact that Mr. Wondie's weapon was test-fired while it was in the lawful custody of the Seattle Police Department. The cases cited by the defendant were not analyzed with an undertaking of the question whether police can review evidence that is lawfully in their possession.

ORDER - 3
*United States v. Wondie*, CR18-315 RAJ

To determine whether a Fourth Amendment violation has occurred, this Court must ask two primary questions: first, whether the government conduct amounted to a search within the meaning of the Fourth Amendment; and second, whether that search was reasonable. *Dixon, id.* The defendant asks this Court to side-step the traditional "reasonable expectation" test of *Katz v. United States,* 389 U.S. 347 (1967) and analyze under his "property based" theory of the search. The Court declines to do so because the facts and circumstances of this case do not warrant such an undertaking.

The Court concludes the test-firing of the weapon was a search. It was test-fired for one sole purpose and that was to gain identifying data on the retained shell casing for subsequent submission to a database of shell casings obtained from crime scenes and test-fires. While the Court finds the action of the SPD constituted a search, it also finds that the search was a reasonable administrative procedure to identify the firearm that was lawfully in police custody. Under these circumstances the Court finds that the government had a substantial and legitimate interest in uniquely identifying a firearm in its custody. The government is entitled to know the characteristics of a deadly weapon.

The defendant suggests that *Riley v. California*, 573 U.S. 373 (2014) rejects the government's right to search in this case as unreasonable by comparing to a search involving a cell phone where the Supreme Court found the search to be unlawful because it was not supported by a warrant or exception to the warrant requirement. That case is not dispositive under the circumstances now before this Court for the simple reason that it involved a cell phone. Cell phones differ in both a quantitative and qualitative sense from other objects, and certainly a shell casing. Cell phones have an immense storage capacity of information. As noted in *Riley, id.,* 90% of American adults who own a cell phone keep on their person a digital record of nearly every aspect of their lives. This is not a close analogy to the facts now before this Court.

The Court finds the search under these limited circumstances to be reasonable and only slightly invasive. In reaching this conclusion, the Court agrees with the government's argument that the firearm itself is neither damaged nor changed, nor does

ORDER - 4
*United States v. Wondie*, CR18-315 RAJ

the test-fire reveal any sensitive or personal information about the firearm's possessor, like DNA or a cell phone might. It reveals only the characteristics of the interior structure of the gun.

The Court next turns to whether the defendant had a reasonable expectation of privacy in the firearm as test-fired and the Court concludes he does not for several reasons. First, the defendant has not claimed a subjective expectation of privacy in the unique characteristics of the barrel of his gun. Second, there is no objective expectation of privacy in the rifling and tool marks on a gun that is lawfully within the possession of the police. The government has cited a host of cases that support this finding and the Court will reference, but not cite the cases in this ruling. Dkt. 70, at 4. The very simple and straightforward determination by this Court is that the defendant advances no authority to support a finding that he has either a subjective expectation of privacy in the barrel of his gun, or one that society is prepared to recognize as reasonable.

Last, the defendant asks this Court to evaluate his motion applying a "common-law-trespassory" analysis. The Court declines.

As noted above, the cases relied upon by the defendant are not analogous to the facts before this Court. *Jones, id.,* and *Taylor, id.,* involved cases where the police had physical contact with property that was still in the possession and control of its owner. Here, the police examined a weapon that had been lawfully seized and exclusively in the possession and control of the police. Consequently, at the time of the test-fire, the defendant's gun was no longer in the possession of another and thus no trespass.

///
///
///
///
///
///
///

ORDER - 5
*United States v. Wondie*, CR18-315 RAJ

## IV. CONCLUSION

For these reasons, the defendant's Motion to Suppress Evidence (Dkt. 49) is **DENIED**.

DATED this 15th day of April, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge