The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>GIZACHEW WONDIE,<br><br>                    Defendant. | No. CR18-315 RAJ<br><br>THIRD AMENDED<br>PROTECTIVE ORDER |

This matter having come before the Court on a Stipulated Motion for Entry of an Amended Discovery Protective Order, the Court hereby enters the following:

DISCOVERY PROTECTIVE ORDER

A.    Definitions

As used in this Order, the term "Protected Material" means materials—including King County search warrant materials, law enforcement reports, and investigators' email communications—marked by the government as "Protected Material." "Sensitive Material" means limited information contained within the "Protected Material" that is highly law enforcement sensitive, marked by the government as "Sensitive Material." The "Defense Team" means the members of the defendant's litigation and investigative team, including defense counsel, investigators, paralegals, assistants, law clerks, and experts, but not including the defendant.

THIRD AMENDED PROTECTIVE ORDER
CR18-315 RAJ - 1

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

B.     Permissible Disclosure of Protected Material and Sensitive Material

To comply with the government's discovery obligations, the United States will make available copies of the Protected Material to the Defense Team. Possession of the Protected Material is limited to the Defense Team. The Defense Team may not provide copies of the Protected Material to other persons, including the defendant. The Defense Team may review the Protected Material with the defendant. The defendant may visually inspect and review such documents, but shall not be allowed to possess and maintain Protected Material.

During this period of litigation of motions and, if needed, through trial, the government will permit access to Sensitive Material so that members of the Defense Team who are employees of the Federal Public Defender for the Western District of Washington may download Sensitive Material to digital devices (its protected network, computers, and laptops) provided by the Federal Public Defender to its employees and subject to its security measures.

Members of the Defense Team who are employees of the Federal Public Defender for the Western District of Washington will keep such downloaded Sensitive Material on those secure digital devices. Access to the Sensitive Material which is downloaded and stored on the network or individual digital devices will be limited to members of the Defense Team who are employees of the Federal Public Defender, and will be stored in a manner such that the Sensitive Material is not accessible to all employees of the Federal Public Defender (i.e., employees who are not members of the Defense Team). Except as further described below, the Defense Team will not print, copy, photograph, email, or otherwise replicate the Sensitive Material. The Defense Team will not share the contents of the Sensitive Material with any third party, nor share the contents of the Sensitive Material with the defendant.

To communicate amongst themselves, the Defense Team may email draft and final pleadings that contain quotations from or references to Sensitive Material, and may discuss such information via email, but will not email the Sensitive Material itself. The

THIRD AMENDED PROTECTIVE ORDER
CR18-315 RAJ - 2

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Sensitive Material may be replicated in pleadings, subject to the restrictions described below in Section C.

With respect to Bates numbers 9261-9268 only, a copy of this Sensitive Material may be made available to retained expert Matthew Noedel via email or other reasonable means, provided that Mr. Noedel commits to storing this material in a secure manner, not sharing this material with any third party (except his own assistants who are members of the Defense Team and bound by this order), not replicating this material in any manner except as an exhibit to a report to other members of the Defense Team (which may be filed with the Court subject to the restrictions described below in Section C), and returning such material at the conclusion of the case, as discussed below in Section D. If members of the Defense Team who are employees of the Federal Public Defender need to provide access to Sensitive Material to members of the Defense Team who are not employees of the Federal Public Defender (e.g., experts), the parties will meet and confer to discuss why such access is needed and how it can be provided securely. The government may then permit such access on a case-by-case basis, documented in writing, without further resort to the Court.

While the Defense Team may not routinely print Sensitive Material, it may print Sensitive Material that needs to be used or accessed in hard copy during in-court proceedings (e.g. exhibits), shortly before that in-court proceeding is to take place. Access to printed copies will be limited to the Defense Team and not provided to or shown to the defendant. The Defense Team will maintain such printed copies in a secure manner, will not further copy or disseminate the printed Sensitive Material, and will shred the printed Sensitive Material at the conclusion of the in-court proceedings for which the material was needed.

Notwithstanding the restrictions above, the Defense Team may show Protected Material and/or Sensitive Material to individual agents, law enforcement officers, and attorneys who are or may be a witness in the evidentiary hearings scheduled for June 2021 if any of the following apply:

THIRD AMENDED PROTECTIVE ORDER
CR18-315 RAJ - 3

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- The material is being shown to or discussed with an individual who authored the document or received/reviewed the document in the ordinary course of his or her law enforcement duties (e.g., the individual is an addressee on an email to be shown to the individual).
- The individual is King County Sheriff's Office Detective John Free, King County Sheriff's Detective Kathleen Decker (ret.), Senior Deputy Prosecuting Attorney Scott O'Toole, or King County Superior Court Judge/former Senior Deputy Prosecuting Attorney Brian McDonald.
- The material was filed with this Court prior to May 6, 2021, by either party as an exhibit in a pleading in relation to the defendant's motion for a *Franks* hearing, Dkt. 54, motion to suppress the defendant's statements, Dkt. 48, and/or motion to suppress the fruits of the defendant's arrest, Dkt. 190, and is being shown to an individual who participated in the events that will be the subject of the June 2021 evidentiary hearings, including the collection of shell casings from the September 2018 homicide and the submission of those casings for entry into NIBIN, the examination of those casings, the drafting of the application for the Decker search warrant, the defendant's arrest, the questioning of the defendant, and the search of the defendant, his car, and his apartments.

None of these exceptions apply to the defendant himself. Consistent with the original Protective Order, as amended, no Sensitive Material or the contents thereof, shall be disclosed to the defendant.

In addition to showing Protected Material and Sensitive Material to an individual described above, the Defense Team may show related pleadings that were filed under seal to these same individuals. The material may be shown to an individual described above even if that individual is no longer a member of law enforcement or in a related position. The individual should be informed of or provided a copy of the Third Amended Protective Order.

THIRD AMENDED PROTECTIVE ORDER
CR18-315 RAJ - 4

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The expansion of this Protective Order as described above does not permit the Defense Team to provide any individual with a copy of Sensitive Material via email.[1] However, because in-person meetings may be impractical during the pandemic, the Defense Team can (1) identify the material to the individual with sufficient particularity to allow the individual to access it himself or herself from his or her own files, (2) provide the material via a secure system comparable to USAfx, or (3) ask the government to provide the material to the individual via email, USAfx, or comparable system.

C. Filing

If any Protected Material or Sensitive Material is filed in court, or if contents of such materials are divulged in court pleadings as part of litigation, the parties shall file such information or pleadings under seal. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

D. Maintenance

The Defense Team shall keep any Protected Material secured whenever the Protected Material is not being used in furtherance of their work in the above-captioned case. All documents containing Protected Material shall be returned to the United States, or destroyed, once all charges are resolved by dismissal or by final conviction. All copies of Sensitive Material will be returned to the United States, or destroyed, as soon as the litigation directly involving those Sensitive Materials has concluded (i.e., after the Court rules on the motions or, to the extent the Sensitive Material is required for trial, after verdict); the United States will then continue to make Sensitive Material available via the secure, cloud-based system it has used since entry of the April 2020 Protective Order

---

[1] The reason for precluding the Defense Team from sending any Sensitive Material via email is to prevent said material from being permanently archived by the Federal Public Defender or stored in any system beyond what the parties have agreed to.

THIRD AMENDED PROTECTIVE ORDER
CR18-315 RAJ - 5

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  until all charges are resolved by dismissal or final conviction. The provisions of this
2  Order shall not terminate at the conclusion of this prosecution.
3    E.   Modification
4    In the event that compliance with this Order makes it difficult for defense counsel
5  to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable
6  burden on counsel, defense counsel shall bring any concerns about the terms of the Order
7  to the attention of the government. The parties shall then meet and confer with the
8  intention of finding a mutually acceptable solution. In the event that the parties cannot
9  reach such a solution, defense counsel shall bring any concerns about the scope or terms
10 of the Order to the attention of the Court. Similarly, either party—or the parties acting
11 jointly—may seek to modify this Order, as necessary, by filing with the Court a motion
12 to modify this Amended Protective Order, after meeting and conferring in good faith to
13 address any issues.

DATED this 10th day of May, 2021.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

THIRD AMENDED PROTECTIVE ORDER
CR18-315 RAJ - 6

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970