THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR18-315RAJ |
| Plaintiff, | ) | |
| v. | ) | MOTION TO UNSEAL DKT. 314 (*FRANKS* ORDER) AND DKT. 321 (PROBABLE CAUSE ORDER) |
| GIZACHEW WONDIE, | ) | |
| Defendant | ) | Noted for September 17, 2021 |

*"Sunlight is the Best Disinfectant"*[1]

Gizachew Wondie, through counsel[2], respectfully move for an order unsealing Dkt. 314 (*Franks* Order) (filed under seal) and Dkts. 321 (Probable Cause Order) (filed under seal). Given the history and circumstances of this case, Mr. Wondie requests that the Court unseal the orders in their entirety because the presumption that judicial orders are to be available to the public is not overcome in this case, where the sealed information is regarding a matter of public concern and is already mostly available through unsealed court transcripts and filings.

---

[1] Louis Brandeis (1914), "What Publicity Can Do"

[2] Assistant Federal Public Defender Mohammad Ali Hamoudi would like to extend deep gratitude to rising 3L Law Clerk Asa Gelber from the University of Indiana School of Law for his assistance and work on Defendant's Trial Brief.

MOTION TO UNSEAL DKT. 314 (FRANKS ORDER) AND DKT. 321 (PROBABLE CAUSE ORDER) (*Wondie*; CR18-315RAJ) - 1

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

## I. Relevant Procedural History

Mr. Wondie moved to suppress evidence in this case on two separate grounds, Dkts. 54(filed under seal), 190 (filed under seal), arguing that his rights under the Fourth Amendment had been violated. The government responded to both motions, Dkts. 73, 208 (filed under seal), and Mr. Wondie filed replies to the government's response. Dkts. 197 (filed under seal), 219 (filed under seal). Many of the motions were filed under sealed so that information relating to an open investigation would not be disclosed or compromised. In the motions, counsel for both parties referred to individuals and groups by name, without redaction. *Id.* Because many of the attachments and exhibits referenced by and attached to these motions were also un-redacted and filed under seal, counsel for both parties also requested that the Court seal the motions.[3] Because these motions were voluminous and necessarily required specific and detailed references to individuals, groups and entities involved in an unsolved, ongoing law enforcement investigation, at this time, Mr. Wondie is not moving to have them unsealed.

The Court held public hearings on both motions. Dkts. 295, 296, 315, 316. The government did not move to seal the proceedings and the hearings were, in fact, attended by members of the public, both in person and via telephone. *Id.* During the hearings, the government, the defense, witnesses for both parties and the Court referred to sensitive information that would have otherwise necessitated sealing through a code that used anonymized names and numbers. *Id.* Notice of official filing of transcripts for all the hearings have been filed. *Id.*

---

[3] The government did not move to seal Dkts. 208.. These motions relate to this Court's order at Dkt. 321 (under seal).

1   The Court issued two sealed orders with respect to the motions. Dkts. 314 (filed
2   under seal), 321 (filed under seal).
3   On July 7, 2021, the *Franks* order, by agreement of all parties was shared with
4   Detective Kathleen Decker, the King County Sheriff's Office, and the King County
5   Prosecuting Attorney's Office.
6   On August 20, 2021, Mr. Wondie asked whether he could share the orders with
7   an attorney for consultation purposes. The Court informed Mr. Wondie that any request
8   to disseminate or unseal the orders filed under Dkt. 314 and 321 must be made by
9   written motion. This motion follows.

10  **II.     Legal Standard and Argument**

11  "It is clear that the courts of this country recognize a general right to inspect and
12  copy public records and documents, including judicial records and documents." *Nixon*
13  *v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978). In accordance with this Supreme
14  Court precedent, the Ninth Circuit "start[s] with a strong presumption in favor of access
15  to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.
16  2003). This presumption of public right to court records applies with "considerable
17  force to opinions issued by the court." *In re Phenylpropanolamine (PPA) Prod. Liab.*
18  *Litig.*, No. MDL 1407, 2003 WL 23867343, at *1 (W.D. Wash. Mar. 10, 2003); *see*
19  *also Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) ("Opinions are not the
20  litigants' property. They belong to the public, which underwrites the judicial system that
21  produces them.").
22  "Unless a particular court record is one traditionally kept secret, a strong
23  presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of*
24  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted); *see*
25  *also CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir.
26  1985) ("We begin with the presumption that the public and the press have a right of

access to criminal proceedings and documents filed therein."). In determining whether court records should be sealed, "the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135). In doing so, the presumption that court documents are to remain unsealed "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 502 (1984). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

The common law right of access to court records helps the public to keep an eye on public institutions and the activities of the government. *See Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1293 (9th Cir. 1986); see also *Nixon*, 435 U.S. at 598 (justifying the right of citizens to court records by the citizen's desire to "keep a watchful eye on the workings of public agencies"). Especially in the criminal context, public access is essential as it "permits the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government." *Globe Newspaper Co. v. Superior Ct. for Norfolk Cty.*, 457 U.S. 596, 606 (1982). The Ninth Circuit recognizes the additional benefit of unsealing documents where openness helps to ensure that judicial decision-making is "properly reached" and where public access will "enhance public confidence in the process and result." *Seattle Times Co. v. U.S. Dist. Ct. for W. Dist. of Washington*, 845 F.2d 1513, 1517 (9th Cir. 1988) (citing Press–Enter. Co., 464 U.S. at 508).

The general presumption that judicial orders should be unsealed and available to the public is certainly not rebutted in this case. Court holdings and orders are not

documents "traditionally kept secret." *See Kamakana*, 447 F.3d at 1178. To the contrary, these documents being available to the public is both customary and essential to the orderly functioning of our criminal justice system. The public being made aware of instances where law enforcement has behaved recklessly—and the public knowing that, when this occurs, law enforcement will be held accountable for their behavior— can "enhance public confidence in the process and result" of proceedings. *Cf. Seattle Times Co*. 845 F.2d at 1517. It is true that, in making the court's orders available, members of law enforcement may leave their respective agencies open to suit because of potential civil rights violations. That the unsealing of a court's order may lead to subsequent litigation, however, is not a reason to keep an otherwise publicly available judicial order sealed. *See Kamakana*, 447 F.3d at 1179.

Keeping court records sealed in this case does not protect any of the information in the Orders from the public. The transcripts of the court proceedings upon which the Court's ultimate order were based are already publicly available documents.

There have been multiple hearings held in this case where the nature and circumstances of the parties dispute has been litigated and discussed in open proceedings including: a detention hearing dated December 11, 2018; a detention hearing dated April 9, 2019; a detention hearing dated November 20, 2019; and a motion to compel hearing dated January 17, 2020.  The Complaint in this case also discusses details and circumstances surrounding the case.  Dkt. 1.

The only component of the currently sealed orders that the public does not have access to is the court's analysis of the presented record. The court's analysis in its final orders—remaining here as the sole components of the record that are not publicly available—is neither traditionally kept private in our judicial system nor the sort of judicial record that can overcome the presumption in favor of public access. The

Court's orders also serve as an educational tool for law students and lawyers. There is no basis on which to override this presumption in this case.

For the reasons set out in the motion and the entirety of the record before this Court with respect to this case, Mr. Wondie respectfully requests that the Court unseal Dkt. 314 (*Franks* Order) and Dkt. 321 (Probable Cause Order).

DATED this 9th day of September, 2021.

Respectfully submitted,

s/ *Mohammad Ali Hamoudi*
s/ *Sara Brin*
Assistant Federal Public Defenders
Attorneys for Gizachew Wondie