The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR18-315 RAJ |
| Plaintiff, | GOVERNMENT'S RESPONSE TO UNSEALING REQUEST |
| v. | |
| GIZACHEW WONDIE, | **(Filed Under Seal)** |
| Defendant. | |

The government opposes the Defendant's request that this Court unseal the two referenced Orders in their entirety. Dkt Nos. 314 and 321. In the alternative, the government proposes entry of an order unsealing redacted versions of the Orders. This proposal is not offered to frustrate or undermine the public's interest in learning any aspect of this proceeding. Rather, it is offered to protect a compelling public interest: preserving the integrity of an open state homicide investigation.

A.   **Relevant Procedural History**

Defendant's counsel initially sought government approval to release the sealed Orders to separate counsel who was presumably retained to represent the Defendant in another proceeding. It subsequently became clear that the initial request would be expanded to include unsealing the Orders in their entirety. In response, the government

GOVERNMENT'S RESPONSE TO UNSEALING REQUEST - 1
*United States v. Gizachew Wondie,* CR18-315 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

advised counsel it would seek input from the King County Prosecuting Attorney's Office before responding to the request based on concerns that references in the Orders could potentially impact the ongoing state homicide investigation. King County Senior Deputy Prosecuting Attorney Scott O'Toole subsequently provided the government with redacted versions of the two Orders, proposing limited redactions. Copies of the redacted versions are attached hereto as Exhibits A (Dkt. No. 314, the *Franks* Order) and B (Dkt. No. 321, the probable cause Order).

The government forwarded the proposed redacted versions of both Orders to Defendant's counsel with the representation that it would not oppose entry of an order authorizing the filing of the redacted versions. Counsel advised the government that the redactions were unacceptable, and this motion followed.

**B.  Legal Standard**

The First Amendment affords the press and the public a presumed right of access to court proceedings and documents. *See generally Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1985). Similarly, courts recognize that the public has a "common-law" right "to inspect and copy public records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). These presumed rights, however, are not absolute. They can be overcome by an overriding right or interest "based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press Enterprise*, at 510; *Nixon,* at 598. More importantly, for purposes of the Defendant's pending request to unseal the Orders in their entirety, the general presumption in favor of open judicial proceedings requires that the district court consider alternatives to closure, such as redaction. *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1097 (9th Cir. 2014).

**C.  Argument**

The Defendant's argument rests almost entirely on repeated references to the need for transparency in judicial proceedings. As applied to this proceeding, however, he fails

GOVERNMENT'S RESPONSE TO UNSEALING REQUEST - 2
*United States v. Gizachew Wondie,* CR18-315 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to articulate how redacting specific limited factual references to certain aspects of the open state homicide investigation obscures the public's ability to understand and discern this Court's analysis of the federal prosecution. The Defendant engaged in a robust motions practice to secure dismissal of the charged drug and firearm offenses. He succeeded. His objective was realized. The outstanding charges were dismissed with prejudice. The proposed redactions—none of which are substantive, but merely obscure the state investigation from which this case arose—will not deprive the public of the Court's analysis in reaching its decisions.

    The Defendant's argument seeking unsealing makes no mention of the ongoing state homicide investigation and the public's corresponding interest in eliminating or significantly reducing the risk of disclosing information that may compromise law enforcement efforts. This omission, paired with rejection of the government's proposed alternative of publishing redacted versions of the Orders, is telling.

    The Defendant notes that limited references to the state investigation were introduced by both parties in filed pleadings and during court proceedings. In most of those instances, the references were inadvertent. Regardless of the scope, number, and context, there is no authority supporting this waiver theory advanced by the Defendant. The government undertook extensive efforts to limit public access to any information that would compromise the state investigation, generally without any objection from the defendant. As the Court is aware, attempts were made to anonymize references to individuals and groups believed to be associated with the homicide investigation. The overwhelming majority of substantive pleadings related to these two issues were filed under seal. Extensive protective orders were entered restricting access to discovery. Each of these steps were undertaken for the recognized purpose of protecting an open investigation. That purpose remains valid today. It has not been waived.

    To be clear, the limited redactions sought by the government on behalf of King County are not being requested to diminish embarrassment, avoid recriminations, or minimize exposure to further litigation. They are sought for the singular purpose of

GOVERNMENT'S RESPONSE TO UNSEALING REQUEST - 3
*United States v. Gizachew Wondie,* CR18-315 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

preserving the integrity of an open homicide investigation. *See* Declarations of Senior Deputy Prosecuting Attorney Scott O'Toole and King County Sheriff's Office Detective John Free, attached as Exhibits C (O'Toole) and D (Free). Through the law enforcement efforts of county detectives and prosecutors, the public interest in identifying and prosecuting those responsible for the homicide is being advanced. Ex. C, at ¶ 9; Ex. D, at ¶ 7. Any step that could undermine these efforts should be denied, particularly when it serves no purpose.

In summary, the Defendant achieved his objective. The federal prosecution has been dismissed. Publication of the proposed redacted Orders does nothing to undermine this result. The minimal redactions do not deprive the public of the opportunity to access this Court's analysis. They do preserve the public's compelling interest in protecting public safety by reducing risks associated with disclosure of law enforcement sensitive information. The government respectfully requests that Defendant's motion to unseal the two Orders in their entirety be denied and that the redacted versions be substituted and entered on the public docket.

DATED this 16th day of September, 2021.

Respectfully submitted:

TESSA M. GORMAN
Acting United States Attorney

*/s/ James D. Oesterle*
JAMES D. OESTERLE
ERIN H. BECKER
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970

GOVERNMENT'S RESPONSE TO UNSEALING REQUEST - 4
*United States v. Gizachew Wondie,* CR18-315 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970