HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GIZACHEW WONDIE,

    Defendant.

Case No. CR18-315 RAJ

ORDER

This matter comes before the Court on Defendant's motion to unseal (Dkt. # 325) and Plaintiff's motion to seal its response to Defendant's motion to unseal (Dkt. # 326).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

That presumption, especially for criminal proceedings, "is grounded in the First Amendment and in common law." *See CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985) (Kennedy, J.). The "primary justifications"

ORDER – 1

for public access to criminal proceedings are that "criminal trials historically have been open to the press and to the public" and that "access to criminal trials plays a significant role in the functioning of the judicial process and the governmental system." *Id.*

Generally, two standards govern the sealing of court records. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A "compelling reasons" standard applies to most judicial records, including those attached to dispositive motions. *Id.*; *see also Kamakana*, 447 F.3d at 1179. On the other hand, a "good cause" standard applies to nondispositive motions. *Pintos*, 605 F.3d at 678.

Previously, this Court filed two of its orders under seal ("Sealed Orders"). Dkt. ## 314, 321. Defendant now moves to unseal those orders. Dkt. # 325. The government opposes Defendant's motion. Dkt. # 327.

To start, the Court need not decide whether the Sealed Orders relate to dispositive or nondispositive motions for purposes of sealing: neither the compelling reasons standard nor the good cause standard can justify the further sealing of these orders.

Though the orders are sealed in their entirety, they contain plenty of non-confidential information. According to the government, information about King County Sherriff's Office's open murder investigation is confidential. But the Sealed Orders discuss more than just the murder investigation. They discuss Homeland Security Investigations' pill press investigation. They also discuss Seattle Police Department's drug dealing investigation. Unlike the murder investigation, the government does not argue that these investigations are ongoing or confidential. Further, the Sealed Orders also contain the Court's legal reasoning, which is certainly not confidential. *See Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) ("Opinions are not the litigants' property. They belong to the public, which underwrites the judicial system that produces them.").

Because the Court's orders are sealed in their entirety, these non-confidential portions of the Court's orders are also under seal. The Court finds no good cause or compelling reasons for them to remain so.

ORDER – 2

For its part, the government all but concedes the point. It does not explain why such non-confidential portions of the Sealed Orders must be kept from public view. Instead, perhaps recognizing that not all parts of the orders are confidential, the government alternatively asks that only the confidential portions of the Sealed Orders be kept under seal. Dkt. # 327 at 1. To that end, it has even proffered proposed redactions to the Sealed Orders. Dkt. ## 327-1, 327-2. Based on these proposed redactions, it appears that the government, in principle, seeks to seal only the portions of the orders that would "preserv[e] the integrity of an open homicide investigation." Dkt. # 327 at 3-4.

Setting non-confidential information aside, the Court finds that much of the "confidential" information that the government highlights is not, in fact, confidential. Much of the information is a matter of public record. For example, the government seeks to seal from the public record this Court's references to the "murder," "homicide," "murder weapon," and more. Dkt. ## 327-1, 327-2. Yet, as Defendant observes, this generic information has been publicly disclosed time and again. Dkt. # 329 at 3-10 (compiling public disclosures of supposedly confidential information).

The most salient example is found in the very first document filed in this case, the complaint, which is publicly available. There, the government alleged that King County Sheriff's Office ("KCSO") investigated Mr. Wondie "for a homicide" and that KCSO believed that Mr. Wondie "was in possession of the murder weapon, which was a firearm registered to him." Dkt. # 1 ¶ 11. Defendant cites copious other examples. Dkt. # 329 at 3-10. This repeated public disclosure undermines any confidentiality claim.

Taken together, the government has a narrow view of what information needs to be sealed from the public, and much of that information is already publicly available. Given those circumstances, the Court cannot find compelling reasons nor good cause to keep its orders completely under seal.

That said, balancing the interests, the Court finds that some aspects of KCSO's investigation may remain under seal. These aspects have consistently remained

ORDER – 3

confidential, and any disclosure of such information would have either been tangential or inadvertent. In this category are the name and other identifying characteristics of the murder victim and the name of an organization linked to the murder. *See, e.g.*, Dkt. # 314 at 7:11, 7:21. Such information may remain under seal. The Court finds that this balances the need for public access and the need to preserve the integrity of an ongoing murder investigation.

Thus, the Court **GRANTS in part** Defendant's motion to unseal. Dkt. # 325. Consistent with this order, the parties must submit their joint proposed redactions to the Sealed Orders (Dkt. ## 314, 321) **within 14 days of this order**.

For the reasons described above, the Court also **DENIES** the government's motion to seal its response to Defendant's motion to unseal. Dkt. # 326. The government may, consistent with this order, file a redacted version of its response to Defendant's motion to seal. Dkt. # 327. That redacted version is due **within 14 days of this order**. If the government does not do so, then the Court may unseal the government's response.

DATED this 2nd day of December, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 4