HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GIZACHEW WONDIE,

    Defendant.

Case No. CR18-315-RAJ

**ORDER DENYING DEFENDANT'S MOTIONS TO UNSEAL**

## I. INTRODUCTION

Before the Court is Defendant's motions to unseal. Dkt. # 342, 343. For the reasons below, the Court **DENIES** the motions.

## II. BACKGROUND

Defendant has sued King County alleging various civil rights violations arising out of his arrest that resulted in this criminal case. Dkt. # 342 at 1. His civil attorney seeks to unseal documents in this matter that he claims are relevant to the civil suit. *Id.* at 2. Defendant claims that King County has access to many of the documents, but "it is unclear what exhibits and documents from the hearing are in its possession, and whether it has disclosed all of the documents and exhibits." Dkt. # 342 at 3.

The parties to the criminal case, Defendant and the United States of America, are subject to a protective order governing the documents in question. That protective order created two classes of documents: "protective" and "sensitive." Dkt. ## 30, 150, 184, 281. Defendant claims that there is no reason to keep the documents sealed and that they

ORDER – 1

should be unsealed so that he can prepare for his civil trial. Dkt. # 342 at 4. The government contends that the sealed records at issue here pertain to an ongoing homicide investigation and contains the identity of a confidential source. Dkt. # 349 at 5-8. The government also notes that protective order also states explicitly that the protections afforded would not expire at the conclusion of the case. Dkt. # 281 at 5-6. Additionally, the government contends that Defendant has mechanisms in the civil trial to obtain any necessary discovery. Dkt. # 349 at 1.

### III.  DISCUSSION

The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see* W.D. Wash. Local Crim. R. 55(c). However, sensitive and confidential documents should remain under seal when a party can "articulate[ ] compelling reasons supported by specific factual findings" that outweigh the public's interest in access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d at 1180, 1182 (9th Cir. 2006) ("[T]he proponent of sealing bears the burden with respect to sealing."). To demonstrate compelling reasons, a party is "required to present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." *Id*. at 1181 (internal citations, quotation marks, and emphasis omitted).

The Court finds the government has an interest in continuing to protect the sensitive and confidential nature of the on-going criminal investigation and the identity of the confidential informant. The Court previously found this to be the case and this risk is a compelling reason outweighing the interest in disclosure. *See, e.g.*, United States v. Mayers, 2017 WL 2215805 (W.D. Wash. May 19, 2017) (permitting third-party identifying information to be filed under seal). And while not dispositive, the Court also notes that the protective order issued in this case did not permit Defendant to retain copies of any sensitive documents, and called for any access by his counsel to end upon

ORDER – 2

any dismissal or conviction. Dkt. # 281 at 5-6. This underscores the government's continuing intent that these documents—which include investigative techniques, witness identities, and possible leads—remain out of the public sphere.

Finally, there is the civil discovery process for Defendant to obtain the documents he seeks to pursue his civil case. Indeed, Defendant could pursue documents directly from King County or make *Touhy* requests for official information from various agencies and departments, including witnesses and documents. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). Furthermore, pursuing this information through civil discovery will permit the court there to properly consider potential privileges that may apply that were not considered in this case and compel documents that Defendant claims are missing.

For these reasons, the Court **DENIES** Defendant's motions.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motions to unseal. Dkt. # 342, 343.

DATED this 12th day of June, 2023.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3